[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#140)
In the instant case, the plaintiff, Richard Lewis, was severely injured when he fell into an open manhole, which contained hot water and steam. At the time of the accident, the plaintiff was Deputy Fire Chief for the Middletown Fire Department. It is undisputed that the sidewalk where the manhole in question was located is owned by Wesleyan and is a part of the Wesleyan campus. See Defendant Wesleyan University's Reply to Plaintiff's Opposition to Summary Judgment (#149), p. 8.
On November 7, 1997, the defendant, Wesleyan University, filed its Motion for Summary Judgment[1] (#140), claiming that the firefighter's rule, as a matter of law, bars the plaintiff's claims. The firefighter's rule states that a firefighter "injured on private property while lawfully present in the exercise of his duties . . . occupie[s] a status akin to that of a licensee, to whom the owners of such premises owed no greater duty than that CT Page 15128 due a licensee." (Citation omitted; internal quotation marks omitted.) Furstein v. Hill, 218 Conn. 610, 615 (1991).
Nevertheless, the Furstein court also noted "that an exception to the rule may exist when public officer is injured by a defective condition on a portion of the land held open to the public at a time when the public might reasonably be expected to be present, and courts have indeed recognized such an exception. This exception is noted in the Restatement (Second) of Torts, § 345(2), which provides that `[t]he liability of a possessor of land to a public officer or employee who enters the land in the performance of his public duty, and suffers harm because of a condition of a part of the land held open to the public, is the same as liability to an invitee.'" Id., 617 n. 1.
In the instant case, the court finds that there exists a genuine issue of material fact as to whether the sidewalk in question, which the manhole was a part of, was "held open to the public at a time when the public might reasonably be expected to be present . . ."[2] Id. Therefore, this court cannot conclude that, as a matter of law, the plaintiff's claims are barred by the firefighter's rule.
Accordingly, the Motion for Summary Judgment (#140) is hereby ordered denied.
It is so ordered.
BY THE COURT:
ELAINE GORDON, JUDGE